IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No.: 1:21-mc-00046-LPS <br> : <br> : <br> : <br> : |

**PETRÓLEOS DE VENEZUELA, S.A.'S MOTION FOR AN EXTENSION OF TIME**

Now that the Court has granted its motion to intervene [D.I. 15], Intervenor Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order establishing January 21, 2022 as the date to respond to plaintiffs ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. ("Plaintiffs") Motion for an Order Conditionally Authorizing the Issuance and Service of a Writ of Attachment *Fieri Facias* [D.I. 2] (the "Attachment Motion"). Absent an extension, PDVSA's responsive papers arguably would be due by December 28, 2021 – two weeks after the date on which the Court granted PDVSA's motion to intervene.[1] This is PDVSA's first request for an extension. The grounds for the requested extension are set forth below.

---

[1] In an email to PDVSA's counsel, Plaintiffs' counsel asserted that PDVSA was "served" with the Attachment Motion on November 22, 2021 when Plaintiffs' counsel emailed a copy of the Attachment Motion to the undersigned counsel (who had not yet been retained to represent PDVSA in this matter and did not agree to accept "service"). Therefore, according to Plaintiffs' counsel, under Local Rule 7.1.2(b), PDVSA's response was due on December 6, 2021. Plaintiffs' counsel alternatively suggested that PDVSA's response is due on December 14, 2021 – 14 days after Plaintiffs delivered a hard copy of the Attachment Motion to Heyman Enerio Gattuso & Hirzel LLP. Plaintiffs are wrong. PDVSA is not named as a defendant in this action and Plaintiffs have no judgment against PDVSA. The notion that PDVSA was "served" via email to counsel who was not yet retained to represent it in this matter two weeks *before* it intervened in this action is simply absurd. Prior to the Court granting PDVSA's intervention motion – which was promptly filed only one day after PDVSA retained counsel in this matter – there is no basis for claiming that PDVSA was "served" with the Attachment Motion.

The Attachment Motion seeks an order conditionally authorizing the issuance and service of a writ of attachment against the shares of PDV Holding, Inc. ("PDVH"), property that is wholly owned by PDVSA. PDVSA is the national oil company of the Bolivarian Republic of Venezuela (the "Republic") and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* ("FSIA"). *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 390 (D. Del. 2018) ("*Crystallex I*"). As a result, PDVSA is presumptively separate from the Republic, presumptively immune from the jurisdiction of this Court, and its property is presumptively immune from attachment and execution. *Id.* at 426. With the Attachment Motion, Plaintiffs seek to abrogate the immunity to which PDVSA and its property are entitled under the FSIA and to attach and eventually execute upon PDVSA's assets on the theory that PDVSA is the alter ego of the Republic.

Recognizing PDVSA's undeniable interest in the outcome of the Attachment Motion, Plaintiffs did not oppose PDVSA's intervention in this action. *See* D.I. 13. However, despite good faith efforts, PDVSA and Plaintiffs have been unable to agree on the date by which PDVSA must file its papers in response to the Attachment Motion. PDVSA's requested deadline of January 21, 2022 to respond to the Attachment Motion is reasonable and warranted.[2]

In support of their Attachment Motion, Plaintiffs submitted a 19-page memorandum of law, an 11-page declaration and 60 exhibits. Given the importance of the issues at stake, PDVSA should be given sufficient time to meaningfully review and respond to Plaintiffs' motion. In declining to consent to PDVSA's request for an extension, Plaintiffs' counsel noted that the Attachment Motion is "similar" to those motions filed by other creditors of the Republic. That the

---

[2] PDVSA's requested extension is also consistent with the FSIA, which provides that foreign sovereigns are entitled to 60 days from the date of service to respond to a complaint. 28 U.S.C. § 1608(d). While the Attachment Motion is not a "complaint," it does seek to abrogate PDVSA's sovereign immunity and PDVSA should be entitled to no less than the 60 days mandated by statute to respond to the Attachment Motion.

Attachment Motion may contain overlapping claims with those asserted by other creditors is of no moment. Indeed, this Court has declined to give collateral estoppel effect to its August 2018 ruling in *Crystallex I*, and has held instead that "any creditor seeking to place itself in a situation similar to Crystallex will have to prove that PDVSA is and/or was the Republic's alter ego" as of the "pertinent time," *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 19-mc-290-LPS, Order [D.I. 26] at 15-16 (D. Del. Dec. 12, 2019), which this Court has defined as "the period between the filing of the motion seeking a writ of attachment [here, November 22, 2021] and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *18 (D. Del. Jan. 14, 2021) ("*Crystallex IV*"). Thus, Plaintiffs cannot reasonably rely upon the similarities between their motion and those of other creditors of the Republic as a basis for opposing PDVSA's requested extension of time.

      Nor can Plaintiffs claim to suffer any prejudice by granting PDVSA its requested modest extension, because unless and until Plaintiffs obtain a specific license from the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), they cannot obtain the relief requested in the Attachment Motion. The PDVH shares are "blocked" and cannot be "transferred, paid, exported, withdrawn or otherwise dealt in" without a specific license from OFAC. Exec. Order No. 13850 § 1, 83 Fed. Reg. 55243 (Nov. 1, 2018). Such blocked interests include any interest – "of any nature whatsoever, direct or indirect" – in the PDVH shares "whether present, future, or contingent." 31 C.F.R. §§ 591.305, 591.309. The federal regulations broadly define "transfer" to include any "actual or purported" action "the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property," including "the issuance, docketing, or filing of, or levy of or under, any judgment, decree, attachment, injunction, execution, or other judicial or

administrative process or order, or the service of any garnishment." *Id.* § 591.310.  As the Court observed in *Crystallex*, "the current sanctions regime does appear to block issuance of new writs of attachment on Venezuelan assets in the United States without an OFAC license."  *Crystallex IV*, 2021 U.S. Dist. LEXIS 7793, at *24.

## CONCLUSION

For the reasons set forth above, PDVSA respectfully requests that the Court order that PDVSA's time to respond to the Attachment Motion is extended to and including January 21, 2022.  PDVSA makes this request without waiving any rights or defenses that may be available to it and/or its property, including any defense under the FSIA.

        HEYMAN ENERIO
        GATTUSO & HIRZEL LLP

        */s/ Samuel T. Hirzel, II*
        Samuel T. Hirzel, II (# 4415)
        shirzel@hegh.law
        Aaron M. Nelson (# 5941)
        anelson@hegh.law
        Jamie L. Brown (# 5551)
        jbrown@hegh.law
        300 Delaware Avenue, Suite 200
        Wilmington, DE 19801
        (302) 472-7300
        *Attorneys for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro
jpizzurro@curtis.com
Julia B. Mosse
jmosse@curtis.com
Kevin A. Meehan
kmeehan@curtis.com
Juan O. Perla
jperla@curtis.com
101 Park Avenue
New York, NY 10178
(212) 696-6000

Dated:  December 14, 2021