IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., | : : : : |
| Plaintiffs, | : : |
| v. | : C.A. No.: 1:21-mc-00046-LPS |
| BOLIVARIAN REPUBLIC OF VENEZULA, | : : : |
| Defendant. | : |

**REPLY MEMORANDUM OF PETRÓLEOS DE VENEZUELA, S.A.
IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF TIME**

Intervenor Petróleos de Venezuela, S.A. ("PDVSA") respectfully requests that the Court enter an order establishing January 21, 2022 as the date to respond to Plaintiffs' Attachment Motion.[1] Such an order – granting what amounts to a three to four-week extension over a holiday period – is reasonable and warranted for the reasons set forth in PDVSA's Motion and below. Plaintiffs' arguments in opposition are unavailing.

First, citing OFAC's letter *denying* Crystallex's license application, Plaintiffs contend that "OFAC regulations will be reassessed imminently" and "[d]elaying attachment until after OFAC changes its regulations would prejudice Plaintiffs because Plaintiffs' priority in the PDVH shares is determined by the date on which the writ is issued and/or served." D.I. 17 at 2. Plaintiffs mischaracterize OFAC's letter. Nowhere in the letter does OFAC state that it will imminently "change[] its regulations." To the contrary, Director Gacki writes that the United States "anticipates" reassessing foreign policy considerations "during the first half of 2022" "*if* foreign

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in PDVSA's motion for an extension of time [D.I. 16] ("PDVSA's Motion").

policy considerations change." *Crystallex v. Bolivarian Republic of Venez.*, 17-mc-151-LPS, D.I. 346-1 at 1 (D. Del. Sept. 15, 2021) (emphasis added). Unless and until OFAC does in fact change its regulations, or grants Plaintiffs a specific license, Plaintiffs cannot obtain the relief requested in the Attachment Motion and, therefore, cannot be prejudiced by granting PDVSA's modest extension request. *See* PDVSA's Motion, D.I. 16 at 3-4.

Second, Plaintiffs argue that granting PDVSA's Motion could "shut[] [Plaintiffs] out of the *Crystallex* sale process" because "the Court has taken under advisement a motion for the sale of the PDVH Shares" that "contemplates that judgments 'attached' by 10 days after the sale process's commencement – and no others – would be included in the process." D.I. 17 at 2. In their effort to inject a false sense of urgency into this proceeding, Plaintiffs conveniently omit that the proposed "Additional Judgment Deadline" to which they refer is far from imminent.

The *Crystallex* Special Master's most recent proposed sale procedures order provides that "[b]y no later than ten calendar days after the Launch Date ('the Additional Judgment Deadline'), the Court will decide in accordance with applicable law which, if any, additional judgments . . . are to be considered by the Special Master for purposes of the Sale Transaction." *Crystallex*, 17-mc-151-LPS, D.I. 411-1 at ¶ 29 (D. Del. Nov. 24, 2021). The "Launch Date" is "the date on which the Marketing Process is launched" and, as the Court is aware, in addition to litigating a host of objections to the proposed sale procedures order, the parties in the *Crystallex* action are also currently litigating whether any of the proposed sale procedures can be launched *at all* absent a specific license from OFAC. The U.S. Government, the Special Master, and all of the parties to the *Crystallex* action except Crystallex agree that the sale process should not commence unless and until OFAC provides clear authority to do so. *See Crystallex*, 17-mc-151, D.I. 408 (D. Del. Nov. 22, 2021). OFAC's denial of Crystallex's license application demonstrates that the requisite

authorization may not be forthcoming and certainly is not imminent. *See id.*, D.I. 346-1 (OFAC license denial); *see also id.*, D.I. 411-1 at ¶ 3 (Special Master recognizing that Launch Date should not occur without OFAC authorization and proposing that "[i]f the Launch Date has not occurred within six (6) months following entry of this Order, the Special Master and the Sale Process Parties shall have the opportunity to present proposals to the Court as to how the Court and Special Master should proceed . . . ."). And even if the sale process were to launch without OFAC authorization, Plaintiffs would not be able to participate, as it is indisputable that their judgment cannot be "attached" without a specific license from OFAC. Thus, Plaintiffs' insistence that allowing PDVSA a few additional weeks to respond to the Attachment Motion would somehow result in Plaintiffs being shut out of the yet-to-be commenced *Crystallex* sale process contemplated by a yet-to-be entered proposed order is frivolous.

Third, Plaintiffs invoke "Judge Stark's pending nomination to the Federal Circuit" as a purported basis for denying PDVSA's requested extension. D.I. 17 at 3. Plaintiffs offer only rank speculation as to how Judge Stark and his successor may or may not handle the Attachment Motion. PDVSA will not engage in such speculation and, in any event, it is of no moment given that Plaintiffs simply cannot make a credible claim of unfair prejudice in light of the fact that OFAC sanctions prevent them from obtaining the relief that they seek.

Fourth, Plaintiffs argue that PDVSA's request for an extension should be denied because Plaintiffs' Attachment Motion is similar to those filed by Huntington Ingalls (20-mc-257-LPS) and OIEG (19-mc-290-LPS) and, therefore, the time it takes PDVSA to respond to Plaintiffs' Attachment Motion should be "modest." D.I. 17 at 3. Putting aside Plaintiffs' predetermination of what is an appropriate amount of time for a sovereign instrumentality and its counsel to spend responding to the Attachment Motion over a holiday period, the overlap in issues raised by

3

Plaintiffs' Attachment Motion and those motions filed by Huntington Ingalls and OIEG actually militates in favor of the extension. Indeed, while Plaintiffs – like all creditors of the Republic – have the burden to prove that PDVSA is Venezuela's alter ego as of the pertinent time, there are certain legal issues currently *sub judice* in the Huntington Ingalls and OIEG actions the resolution of which could impact this case. For example, Plaintiffs, like OIEG, attempt to rely upon the actions of the unrecognized Maduro regime as purported evidence that PDVSA is Venezuela's alter ego. In OIEG, PDVSA briefed and argued that such actions are irrelevant as a matter of law. In addition, in both OIEG and Huntington Ingalls, PDVSA briefed and argued that Delaware law, applicable because of Federal Rule of Civil Procedure 69, requires proof of fraud before attaching the property of an alleged alter ego, and neither plaintiff (like Plaintiffs here) can prove fraud. If the Court agrees with PDVSA on either point, that decision could affect the outcome of this case. Therefore, rather than offering support for accelerating this action, the other pending attachment motions favor granting the extension.

<u>Fifth</u>, Plaintiffs argue that PDVSA has had "ample time" with the Attachment Motion and point to the fact that their counsel mentioned at the November 8, 2021 *Crystallex* hearing that Plaintiffs "would move for attachment 'in the near future.'" D.I. 17 at 4 (quoting *Crystallex*, Transcript, D.I. 409 at 252). Plaintiffs' suggestion that PDVSA was supposed to divine from this comment the precise arguments that Plaintiffs would make two weeks later when they filed their Attachment Motion is absurd. It is axiomatic that PDVSA cannot be charged with having "time" with Plaintiffs' Attachment Motion before it was actually filed. Nor does it matter that on November 22, 2021, Plaintiffs emailed a copy of the Attachment Motion to PDVSA's counsel before that counsel was engaged. Counsel was not authorized to and did not agree to accept service and PDVSA – which is not a judgment debtor and is not named as a defendant in this action – had

4

not yet moved to intervene. Plaintiffs incorrectly suggest that PDVSA engaged in some sort of delay tactic, but that suggestion is belied by the fact that, while Plaintiffs chose not to name PDVSA as a party in this action, PDVSA immediately moved to intervene upon engaging counsel and then immediately moved for an extension of time once its intervention motion was granted.

Finally, Plaintiffs argue that PDVSA was "served" with the Attachment Motion on December 7, 2021 and, therefore, its response date is December 21, 2021. D.I. 17 at 4. Plaintiffs contend that it does not matter that PDVSA's motion to intervene was not granted until December 14, 2021, because "PDVSA is Venezuela's alter ego" and "the Court's jurisdiction over Venezuela (already a party) extends to PDVSA." *Id.* Of course, this statement assumes as true the ultimate conclusion that is to be litigated and decided with the Attachment Motion – *whether* PDVSA is currently Venezuela's alter ego. Plaintiffs alternatively suggest that this Court should set December 28, 2021 as PDVSA's response date, wrongly asserting that "PDVSA recognizes that date as the deadline of which it seeks an extension." *Id.* at 5. In PDVSA's Motion, it wrote that, "[a]bsent an extension, PDVSA's responsive papers *arguably* would be due on December 28," given that PDVSA's intervention motion was granted on December 14, 2021. D.I. 16 at 1 (emphasis added). PDVSA's position is that December 28 is not an appropriate response date and that is precisely why it filed the instant motion.[2]

---

[2] Plaintiffs take issue with PDVSA's citation to the 60-day response period mandated by the FSIA. *See* D.I. 17 at 4-5. Plaintiffs argue that "different immunities apply pre- and post-judgment" (citing 28 U.S.C. §§ 1605(a), 1610(a)) and "Congress chose not to apply the sixty-day clock to the latter immunity, which is at issue here." D.I. 17 at 4-5. Plaintiffs are wrong to contend that PDVSA's immunity from jurisdiction under 28 U.S.C. § 1605 is not at issue here. It is. Indeed, this Court expressly recognized in *Crystallex* that PDVSA is presumptively separate from the Republic and presumptively immune from the jurisdiction of this Court unless a statutory exception to PDVSA's sovereign immunity applies. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 426 (D. Del. 2018). Plaintiffs' citation to the Court's scheduling order in the OIEG case (D.I. 17 at 5 n.3) is misplaced both because it set a schedule for the *Republic's* response to OIEG's attachment motion prior to the time that PDVSA even intervened in that action, and because in that case, the Court granted essentially the same extension that PDVSA seeks here. The Court ordered that OIEG's amended attachment motion must be filed by February 19, 2021 and that the Republic's response was due on April 2, 2021 – *i.e.*, granting the Republic a 4-week extension of time to respond. *See OI Eur. Grp. B.V. v. Bolivarian Rep. of Venez.*, 19-mc-290-LPS, D.I. 45 (D. Del. Jan. 29, 2021). Here, Plaintiffs

## **CONCLUSION**

For the reasons set forth above, and in PDVSA's Motion, PDVSA respectfully requests that the Court order that PDVSA's time to respond to the Attachment Motion is extended to and including January 21, 2022. PDVSA makes this request without waiving any rights or defenses that may be available to it and/or its property, including any defense under the FSIA.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (# 4415)
shirzel@hegh.law
Aaron M. Nelson (# 5941)
anelson@hegh.law
Jamie L. Brown (# 5551)
jbrown@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro
jpizzurro@curtis.com
Julia B. Mosse
jmosse@curtis.com
Kevin A. Meehan
kmeehan@curtis.com
Juan O. Perla
jperla@curtis.com
101 Park Avenue
New York, NY 10178
(212) 696-6000

Dated:  December 22, 2021

---

argue that PDVSA's response to the Attachment Motion is due on December 21, 2021 and PDVSA requests that its response date be set as January 21, 2022.

6