**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 4, 2022

The Honorable Leonard P. Stark  
U.S. Court of Appeals for the Federal Circuit  
717 Madison Place, NW  
Washington, D.C. 20439

<u>VIA ELECTRONIC FILING</u>

Re: *ACL1 Investments Ltd., et al. v. Bolivarian Republic of Venezuela*, C.A. No. 21-mc-46-LPS (D. Del.)

Dear Judge Stark:

We represent the plaintiffs (collectively, "<u>ACL</u>") in the above-referenced matter. We write to respond briefly to PDVSA's letter of April 28, 2022, calling the Court's attention to *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022). D.I. 37 ("<u>PDVSA Letter</u>").

By invoking *Cassirer*, PDVSA makes an argument that the Supreme Court has squarely rejected. *Cassirer* interprets and applies 28 U.S.C. § 1606. PDVSA Letter at 2. That statute was cited in another Supreme Court case in support of the very argument that PDVSA advances here: that "the law of the forum state . . . govern[s] the attribution of liability among entities of a foreign state." *First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 622 n.11 (1983) ("<u>Bancec</u>") (emphasis omitted). With that argument, the Court "disagree[d]." *Id.* It held that Section 1606 was "silent" as to the attribution issue. *Id.* The Court thus applied not state law but "principles . . . common to both international law and federal common law." *Id.* at 623. It reasoned that attribution of liability among entities of a foreign state "should not be left to divergent and perhaps parochial state interpretations." *Id.* at 623 n.11 (quotation marks omitted). So too here.

PDVSA fares no better by relying not on *Cassirer* itself but on its "logic." PDVSA Letter at 2. As ACL has explained without refutation, *Bancec* directly controls the dispute here, or at least preempts whatever state law might otherwise control. D.I. 29 at 22, 23-24. The "logic" of *Cassirer*, therefore, aids PDVSA only insofar as it overrules (or even suggests disagreement with) *Bancec*. Yet *Cassirer* does the opposite. As PDVSA concedes (Letter at 2), *Cassirer* cites and relies on the lengthy *Bancec* footnote that rejected the argument PDVSA advances. 2022 WL 1177497, at *4 (citing *Bancec*, 462 U.S. at 622 n.11).

The Honorable Leonard P. Stark
May 4, 2022
Page 2

      Finally, *Cassirer* nowhere mentions Federal Rule of Civil Procedure 69. It thus has no bearing on ACL's argument specific to that Rule. *See* D.I. 29 at 24.

      Respectfully,

      */s/ Marie M. Degnan*

      Marie M. Degnan (#5602)

cc:    All Counsel of Record (via e-filing)