IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACL1 INVESTMENTS LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-46-LPS |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETRÓLEOS DE VENEZUELA, S.A.'S MOTION FOR AN ORDER RECOGNIZING THAT THE COURT HAS BEEN DIVESTED OF JURISDICTION OR ALTERNATIVELY FOR AN UNCONDITIONAL STAY PENDING APPEAL**

Plaintiffs ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL") respectfully respond in opposition to the Motion for an Order Recognizing That the Court Has Been Divested of Jurisdiction or Alternatively for an Unconditional Stay Pending Appeal (D.I. 61, the "Motion") filed by Petróleos de Venezuela, S.A. ("PDVSA").

PDVSA's contention that its notice of appeal divested this Court of jurisdiction is unpersuasive. The same contention was considered by this Court in *Crystallex* and rejected. The Court of Appeals concurred with this Court, denying PDVSA's mandamus petition and declining PDVSA's invitation to vacate orders that this Court assertedly lacked jurisdiction to enter. The situation here is comparable to that in *Crystallex*. PDVSA does not argue otherwise. Rather, it merely adds citations to support the arguments previously rejected. But the citations are no more apposite than the authorities PDVSA cited before.

Similarly unpersuasive is PDVSA's alternative contention that the Court should grant an unconditional stay pending appeal. PDVSA has not shown that it is likely to succeed on appeal. It

takes issue with a single finding of fact, ignoring the totality of the evidence and the Court's exhaustive consideration of the claimed differences between Venezuela's de facto government and its opposition government. PDVSA also has not shown that it needs a stay to avoid irreparable harm. As things stand, this case will impose on PDVSA nothing more than filing a brief that it is going to write anyway, for related cases. There will be no execution without OFAC approval.

Accordingly, PDVSA's Motion should be denied. If any stay is granted, PDVSA should be ordered to provide adequate security.

## ARGUMENT

### I. THE COURT HAS NOT BEEN DIVESTED OF JURISDICTION TO ENFORCE ITS ORDERS

PDVSA's argument that its appeal divests this Court of jurisdiction has been tried before. PDVSA raised the same argument approximately five years ago in this Court and (on petition for a writ of mandamus) in the Court of Appeals for the Third Circuit. *See generally* Petition for Writ of Mandamus, *In re Petróleos de Venezuela, S.A.*, No. 18-2889 (3d Cir. Aug. 27, 2018). The issue was briefed extensively. This Court rejected PDVSA's novel interpretation of the law. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2018 WL 4026738, at *1-*3 (D. Del. Aug. 23, 2018) ("Crystallex August 2018"). And the Third Circuit denied PDVSA's petition. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 133 n.1 (3d Cir. 2019) ("Crystallex Third Circuit"). Accordingly, the notion that the Third Circuit (or any other court) has acknowledged (or "demonstrated") the viability of PDVSA's contrived jurisdictional theory is simply inaccurate.

At no point then (or now) has PDVSA cogently shown to be wrong, legally or prudentially,[1] this Court's prior analysis of the issue:

---

[1] The "divestiture" rule, when it does apply, is "a judge-made, rather than a statutory, creation that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same

2

> "[T]he mere pendency of an appeal does not, in itself, disturb the finality of a judgment. The district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (internal citation, quotation marks, and alteration omitted); *see also Lauber v. Belford High Sch.*, 2012 WL 12994877, at *2 n.4 (E.D. Mich. Aug. 31, 2012) (citing "well established rule that district courts retain jurisdiction, even after a notice of appeal is filed, to enforce an order already issued prior to the filing of the notice of appeal"); 20 Moore's Federal Practice § 303.32(2)(b)(vi) ("Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains the authority to enforce the judgment."). "If an appeal from an order or judgment divested the district court of jurisdiction to enforce that order or judgment, there would be no point to Rule 62(d) of the Federal Rules of Civil Procedure, which provides for a stay of an appealed order or judgment with the posting of a supersedeas bond." *In re Gushlak*, 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012); *see also Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) ("Since Braddick failed to ask the district court for a stay pending appeal and to post supersedeas bond as required by F.R.C.P. 62(d), the district court retained power to enforce its order by civil contempt proceedings."); 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.) ("In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.").

*Crystallex August 2018*, 2018 WL 4026738, at *2 (footnote omitted).

In the instant Motion, PDVSA has largely copied and pasted the argument it raised—and lost—half a decade ago, with only two exceptions. First, PDVSA cites the *Azima v. RAK Investment Authority* decision, in which then-Judge Ketanji Brown Jackson acknowledged both the exceptions to the "divestiture" rule and the prudential reasoning behind the rule. 2018 WL 7982473, at *2 (D.D.C. Nov. 5, 2018). The rule, she explained, exists to make sure that "there is no concurrent exercise of power on the same subject." *Id.* (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)) (emphasis omitted). Here, a clear exception applies, as this Court has authority to enforce its own judgments. *See In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d

---

issues simultaneously. As a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988).

3

372, 375-76 (8th Cir. 1996) ("Another well-established exception to the general rule of jurisdictional divestiture . . . provides that, notwithstanding an appeal, the district court retains jurisdiction to the extent necessary to enforce its judgment which has not been stayed."). And no "concurrent" exercise of power is at issue, as the Court of Appeals has no authority to issue a writ of attachment. Accordingly, *Azima* does not support PDVSA's argument. In any event, *Azima* arose in a context materially different from the post-judgment context at issue here, as the defendant in that case pursued an appeal at the beginning of a lawsuit to resolve a "threshold issue." *See Azima*, 2018 WL 7982473, at *2.

Second, PDVSA cites *Process & Industrial Developments Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020). That case involved a petition to confirm an arbitration award (that is, the arbitration award had not been reduced to judgment). The court discussed the need to determine immunity prior to subjecting a defendant to trial and the associated burdens of litigation. *Id.* at 584. No such concerns exist here, as the parties are engaged in post-judgment execution, which—though more complicated here than in the ordinary case—should not be burdensome from a litigation perspective, as the focus at this stage is on making sure that judgment creditors are paid and that the judgment debtor may not avoid its obligations. *See infra* pp. 7-8.

In short, none of the cases that PDVSA has cited in its Motion here (or in its petition for a writ of mandamus five years ago) stands for the proposition that a district court cannot enforce its own orders or that PDVSA has immunity from the burden of opposing the enforcement of a judgment while it appeals that judgment. PDVSA's reliance on a blanket "divestiture" rule merely seeks to avoid enforcement of a court order without following the rules to stay the enforcement of the order when it is on appeal. Accordingly, PDVSA's argument lacks merit, and the Motion's request for recognition that this Court has been divested of jurisdiction should be denied.

## II.   PDVSA SHOULD NOT BE GRANTED AN UNCONDITIONAL STAY

PDVSA alternatively seeks a stay pending its appeal, but the four governing factors weigh against a stay. Even were the Court to grant a stay in its discretion, the stay should, in this context, be conditioned on PDVSA's providing a bond or other adequate security.

### A.   A Discretionary Stay Is Not Warranted

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation marks and citation omitted). Four factors govern the exercise of the Court's discretion:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quotation marks omitted). The movant bears the burden to show that a stay is appropriate under these factors. *Nken*, 556 U.S. at 433-34. PDVSA has not carried its burden. The four factors weigh against a discretionary stay.

#### 1.   PDVSA Has Not Made a "Strong Showing" of Likelihood of Success

As PDVSA concedes, it can prevail on the first factor only with "a strong showing that [it] is likely to succeed on the merits" of its appeal. Motion 8 (quoting *Revel*, 802 F.3d at 568). That is, PDVSA must have "a reasonable chance, or probability, of winning." *Revel*, 802 F.3d at 568 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). PDVSA has not shown that it has a reasonable chance of winning.

The Court has exhaustively considered and rejected PDVSA's core contention—that "there have been substantial and material changes in the relationship between the Republic and PDVSA since the United States recognized the Interim Government." Motion 8. The Court has readily acknowledged that "things are not at all the same as they were" earlier. *Crystallex Int'l Corp. v.*

*PDV Holding Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (quotation marks omitted). To decide whether the changes change the result, the Court has (over more than two years) held an all-day hearing, reviewed hundreds of pages of briefing and hundreds of exhibits across four actions, invited proposed findings of fact and responses, found 173 numbered paragraphs of facts, and incorporated additional findings proposed by the parties. PDVSA's mere reiteration that circumstances have changed is no reason to believe that the Court of Appeals will reach a result different from this Court's. *E.g.*, *In re Color Spot Holdings, Inc.*, 2018 WL 3996938, at *3 (D. Del. Aug. 21, 2018) ("[T]he Emergency Motion rehashes the same arguments considered and rejected . . . . Merely repeating these rejected arguments does not meet the 'substantial' burden Appellants have to show a likelihood of success on the merits of their appeal.").

The lone fault that PDVSA finds in the Court's 58-page opinion is one finding of fact that PDVSA claims is clearly erroneous. PDVSA argues that the Court should not have found "that the Republic uses PDVSA's assets to fund itself and pay for its own legal fees bypassing corporate dividends." Motion 9. Even were PDVSA correct, that would be no reason to grant the present Motion. The challenged finding forms one example of five, in one bullet point of five, summarizing ACL's evidence. *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 2023 WL 2609248, at *23 (D. Del. Mar. 23, 2023). And those bullet points were "only certain of the many findings of fact." *Id.* at *21 n.15. The Court's alter-ego conclusion was "based, as it must be, on the totality of the evidence." *Id.* In view of the totality of the evidence and the "overwhelming" evidence supporting the Court's conclusion (*id.*), clear error in a single finding would not suffice to reverse.

PDVSA brief mention of the United States' 2020 Statement of Interest does not aid PDVSA either. The Court of Appeals has already held that OFAC's discretion to "permit[] execution" (or not) "provide[s] an explicit mechanism to account for" the United States' interests. *Crystallex*

6

*Third Circuit*, 932 F.3d at 151. And, as this Court has noted, "OFAC's own apparent view" is in accord. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2022 WL 611586, at *16 (D. Del. Mar. 2, 2022) ("Crystallex March 2022") (emphasis omitted) (citing OFAC letter denying Crystallex license). PDVSA's arguments fall far short of a "strong showing" that PDVSA is likely to succeed on appeal.

2. PDVSA Will Not Be Irreparably Injured Absent a Stay

For PDVSA to prevail on the second factor, PDVSA "must 'demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a] [stay].'" *Revel*, 802 F.3d at 569 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (emphasis in *Winter*; alterations in *Revel*). That is, the irreparable harm must be "more apt to occur than not." *Id.* PDVSA has not shown that it will face any irreparable injury, much less that such injury is more likely than not.

The only further proceedings now contemplated in this case would not harm PDVSA at all. The Court has requested "a joint status report with a proposed briefing schedule regarding which judgments should be regarded as 'Additional Judgments' under the Sale Procedures Order." Oral Order, D.I. 59 (Apr. 4, 2023). In that briefing, PDVSA will oppose not only ACL but also other creditors including ConocoPhillips and Red Tree. *Id.* Yet PDVSA has sought no stay of the briefing against ConocoPhillips and Red Tree. Hence, PDVSA will submit that briefing regardless whether the instant Motion is granted. In so doing, PDVSA likely will address most or all of the arguments that ACL would make. PDVSA does not even try to argue that the marginal (if any) additional effort required to address ACL's arguments amounts to "injury."

PDVSA thus focuses its irreparable-injury argument not on the contemplated briefing but on "the loss of its shares in PDV Holding, Inc. ('PDVH')." Motion 10. That "loss" does not create irreparable injury here, for two reasons.

First, PDVSA does not contend that its losing the PDVH shares but for a stay is "likely." Indeed, for PDVSA to lose any PDVH shares on account of ACL, (a) ACL's judgment must be added to the *Crystallex* sale process as an "Additional Judgment," (b) OFAC must award ACL a license to attach and execute on the shares (or change the sanctions regime so that no license is required), (c) the *Crystallex* sale process must be completed, (d) more PDVH shares must be sold in the *Crystallex* sale process than would have been sold but for ACL's presence, and (e) all these things must happen before the Third Circuit decides PDVSA's appeal. Step (b) alone is, in PDVSA's view, "speculative." Motion 11. PDVSA thus could hardly argue that steps (a) *and* (b) *and* (c) *and* (d) *and* (e), all together, are "more apt to occur than not." *See Revel*, 802 F.3d at 569.

Second, and more fundamentally, PDVSA seeks a stay not of execution (against the PDVH shares) but of prefatory steps leading to execution. For this reason, the Court rejected PDVSA's argument that it would face irreparable injury unless development of the *Crystallex* sale process were stayed pending appeal. As the Court explained, "no sale of the property will close unless and until there is an OFAC license. So any harm from actual execution does not weigh into the calculation." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151, Memorandum Order (D.I. 257) at 6-7 (Mar. 19, 2021) ("*Crystallex March 2021*"). The same is true here. "[P]refatory steps towards execution that will proceed in parallel with the Third Circuit appeal" do not cause irreparable injury. *Id.* at 7.

### 3. A Stay May Injure ACL

While PDVSA asserts that a stay cannot injure ACL because ACL lacks an OFAC license, the absence of OFAC approval is not a barrier to this Court's proceeding with steps needed to enforce the judgment. As the Court stated in *Crystallex,* "[w]ithout an express indication that" OFAC "will ***never*** issue a specific license to allow the PDVH Shares to be sold . . . , the Court has

an obligation to work toward execution of [the] judgment, and it will continue do so." *Crystallex March 2022*, 2022 WL 611586, at *17 (emphasis in original).

Moreover, there is at least some possibility that OFAC will grant ACL a license during the pendency of PDVSA's appeal. If it does, a stay that bars ACL from attaching the PDVH shares would be prejudicial, as creditors' priority in proceeds of the sale is, absent further order, determined by the date of issuance and/or service of the writ of attachment. If progress on enforcing ACL's judgment is stayed, and the existing sale procedures advance without consideration of ACL's judgment, then ACL would be harmed. As the Court reasoned in denying PDVSA a stay pending another appeal, "[i]f we don't get moving on doing that work now, while the Venezuela parties are pressing their appeal, the result is likely to be nothing more than more delay and more unwarranted harm." *Crystallex March 2021*, slip op. at 7.

    4.    The Public Interest Does Not Support a Stay

PDVSA is further required to show that the public interest favors a stay. PDVSA argues that a stay would avoid any perceived conflict with the Executive Branch's foreign policy goals. But, as this Court has held repeatedly, PDVSA overstates the risk of conflict. What is more, "[e]ach day that [a judgment creditor] does not recover on its judgment is arguably something of an affront to the United States judicial system." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021).

**B.**    **Any Stay Should Be Conditioned on a Bond or Other Security**

Insofar as PDVSA is granted any stay, to protect ACL's interest as an undisputed judgment creditor, the stay should be conditioned on PDVSA's "providing a bond or other security." *See* Fed. R. Civ. P. 62(b). PDVSA's two arguments to the contrary (Motion 11-12 & n.2) are unavailing.

9

First, PDVSA's discredited claim of sovereign immunity does not weigh against requiring adequate security. A claim of sovereign immunity from suit is a claim that the court lacks jurisdiction. *See* 28 U.S.C. § 1604. And, in the context of an appeal regarding the court's jurisdiction, Judge Pollak rejected the argument "that a supersedeas bond is not appropriate because this court lacks" jurisdiction. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992). He held that a bond was appropriate because, in part, of "defendants' continued refusal to accept this court's jurisdiction." *Id.* The same consideration weighs against PDVSA's effort to avoid posting security.

Second, even if PDVSA is unable to post a bond, it may still be required to provide another form of adequate security. "[I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Where (as here) a judgment debtor "ha[s] not proposed any alternative arrangements to provide adequate security," there should be no stay. *See Key Corp. Cap., Inc. v. Tilley*, 2005 WL 182707, at *1 (E.D. Pa. Jan. 27, 2005).

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied. If any stay is granted, PDVSA should be ordered to provide adequate security.

Dated: April 18, 2023

*Of counsel*:

Joshua S. Bolian (*pro hac vice*)
Jared A. Hagler (*pro hac vice*)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
jbolian@rjfirm.com
jhagler@rjfirm.com

Respectfully submitted.

ASHBY & GEDDES

*/s/ Marie M. Degnan*
_____
Marie M. Degnan (#5602)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
mdegnan@ashbygeddes.com

*Attorneys for Plaintiffs
ACL1 Investments Ltd. et al.*

11